**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4409**

---

UNITED STATES OF AMERICA,

　　　　　　Plaintiff – Appellee,

　　v.

SAMUEL SWEELEY,

　　　　　　Defendant – Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:23-cr-00381-TDC-1)

---

Submitted:  April 7, 2026　　　　　　　　　　　　Decided:  May 14, 2026

Amended May 14, 2026

---

Before KING and BERNER, Circuit Judges, and John A. GIBNEY, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Alfred Guillaume, III, LAW OFFICES OF ALFRED GUILLAUME, III, LLC, Greenbelt, Maryland; Steven M. Klepper, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellant.  Kelly O. Hayes, United States Attorney, Greenbelt, Maryland, David C. Bornstein, Assistant United States Attorney, Gregory B. Conner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2024, defendant Samuel Sweeley pleaded guilty in the District of Maryland, pursuant to a written plea agreement, to involuntary manslaughter, in violation of 18 U.S.C. § 1112(b), and driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23 (2025). The district court thereupon resolved in July of 2024 to sentence Sweeley to 33 months of imprisonment, followed by a three-year term of supervised release. On appeal, Sweeley's lawyer initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal, but otherwise questioning whether Sweeley's 33-month sentence is substantively reasonable.

In accordance with the *Anders* precedent, our Court identified a potentially meritorious issue for appeal pertaining to Sweeley's conditions of supervised release, even though Sweeley's lawyer did not challenge those conditions to begin with. That is, we "direct[ed] the parties to file supplemental briefs addressing . . . [w]hether the district court committed error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), when it announced the drug testing payment condition at sentencing but failed to include it in the final written judgment." *See United States v. Sweeley*, No. 24-4409, at 1-2 (4th Cir. Sept. 24, 2025), ECF No. 36. In response, Sweeley now maintains that there is no *Rogers* error on this record because his situation "involves a written judgment that omitted a burden that the district court orally pronounced." *See United States v. Sweeley*, No. 24-4409, at 3 (4th Cir. Mar. 11, 2026), ECF No. 66. According to Sweeley, that discrepancy does not "aggrieve[]" him, such that we should not reach the *Rogers* issue because he will

3

"objectively be better off without an added financial obligation upon release from prison."
*Id.* at 4.

In these circumstances, we are satisfied to simply refrain from reaching the *Rogers* issue, given Sweeley's appellate position that he is not seeking to challenge that aspect of his sentence. Otherwise, in accordance with the *Anders* precedent, we have carefully reviewed the entire record in these proceedings and have found no other meritorious grounds for appeal. As such, we are satisfied to affirm Sweeley's conviction and sentence.[*]

*AFFIRMED*

---

[*] Our Court requires that Sweeley's lawyer inform Sweeley, in writing, of the right to petition the Supreme Court of the United States for further review. If Sweeley requests that such a petition for certiorari be filed, but his lawyer believes that such a petition would be frivolous, then the lawyer may move in this Court for leave to withdraw from the representation. That motion must state that a copy thereof was served on Sweeley.